# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THOMAS L. BLAGMON,
a/k/a "Ses,"

    Defendant.

2:13-CR-00022

### ORDER

After an independent and de novo review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Defendant Thomas Blagmon has objected. Dkt. No. 39; Dkt. No. 41. Defendant argues that because his residence met the definition of "private place" for the purpose of Georgia's criminal prohibition against unlawful eavesdropping or surveillance, violation of which is a felony, he may suppress any evidence collected by the Government in violation of the state statute. Dkt. No. 41, at 1-3. Citing Brown v. Mississippi, 297 U.S. 278 (1936), in support and distinguishing United States v. Brazel, 102 F.3d 1120 (11th Cir. 1997), as involving state evidentiary rather than criminal law, Defendant

argues that the alleged violation of state criminal law controls the Court's Fourth Amendment analysis. Id. at 3.

Defendant's objections are without merit, even if the Government's conduct was violative of the state statute. Defendant's reliance on Brown is inapposite. Rather than countenance Defendant's argument that state criminal laws control the exclusion of evidence in a federal criminal proceeding, the Court in Brown held essentially the opposite—that federal rights may trump state procedures. 297 U.S. at 285-86. The Brown decision established that a state proceeding violates due process under the Fourteenth Amendment if a criminal conviction is based only on extorted confessions. Id. at 285-87. In no way can Brown be contorted backward in the way Defendant seeks to bend it. Further, Defendant's distinction between state evidentiary and criminal law for the admissibility of evidence in a federal criminal proceeding lacks any significance. Beyond his reliance on Brown, Defendant offered no authority to support his position or explanation for why the difference would matter.

"[I]t is well settled that federal law governs the admissibility of tape recordings in federal criminal cases, and complaints that the evidence was obtained in violation of state law are of no effect." United States v. Butera, 677 F.2d 1376, 1380 (11th Cir. 1982) (quoting United States v. Nelligan, 573

F.2d 251, 253 (5th Cir. 1978)) (internal quotation mark omitted); see also United States v. Mathis, 96 F.3d 1577, 1583-84 (11th Cir. 1996) (finding inapposite for the purpose of a federal criminal proceeding that intercepting cordless phone communications might violate a right to privacy under the Florida Constitution). Indeed, Fourth Amendment analyses "must turn on such factors as 'our *societal* understanding that certain areas deserve the most scrupulous protection from government invasion.'" California v. Greenwood, 486 U.S. 35, 43 (1988) (quoting Oliver v. United States, 466 U.S. 170, 178 (1984)). It would be unacceptable to suggest that "concepts of privacy under the laws of each State are to determine the reach of the Fourth Amendment." Id. at 44. Therefore, Defendant's contention that state criminal provisions and definitions of privacy control the Court's Fourth Amendment analysis is without merit.

Having established that state law does not inform the Court's analysis, the Court concludes that Defendant's motion to suppress is meritless. "[A] defendant has no justifiable expectation of privacy when he speaks with someone acting as a government informant, and is unaware that a recording device is concealed in the room." United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1460-61 (11th Cir. 1991) (citing United States v. Yonn, 702 F.2d 1341, 1347 (11th Cir. 1983)), overruled on other grounds by United States v. Giltner, 972 F.2d 1563, 1566 (11th

Cir. 1992). Only one party to the conversation must consent to the recording for the Government to avoid violating the Fourth Amendment and to use the evidence in a subsequent criminal prosecution. Id. at 1461. The fact that the conversation occurred in Defendant's residence does not change the analysis, as his expectation of privacy "does not depend upon the location of the recorded conversation or the recording equipment." Id. at 1460 (citing United States v. Shields, 675 F.2d 1152, 1158 (11th Cir. 1982)). Defendant does not dispute that the recording was made with the informant's consent. See Dkt. No. 41. Therefore, under controlling case law, Defendant does not have a reasonable expectation of privacy requiring suppression of the recordings.

Defendant's objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation is adopted as the Court's opinion. Defendant's Motion to Suppress Audio and Video Recordings is **DENIED**.

**SO ORDERED**, this 6th day of September, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA